AUGUST TERM, 1838.

Tabor, Shaw & Tatum v. Jameson.

In detinue for two negroes, the judgment should be for the separate value of each, not the joint value of both.

---

### TABOR, SHAW & TATUM v. JAMESON.

In petition in debt, brought by a mercantile firm, consisting of several partners, on a note executed to them in the name of their firm, it must be averred in the petition that the note set out was executed to plaintiffs by that name.

*U. Wright*, counsel for plaintiff, cited:
3 vol. Mo. Dec. 398.

*S. T. Glover*, counsel for defendant.

EDWARDS, Judge, delivered the opinion of the court.

In this case Tabor, Shaw & Tatum sued Jameson in the Ralls circuit court by petition in debt. Jameson pleaded the general issue, and the cause was submitted to the court without a jury. The issue was found for the plaintiffs, and the defendant moved in arrest of judgment: 1. Because the petition was defective in substance. 2. Because it did not show any legal title in the plaintiff to the note set out in the petition. The petition is in these words: "Joseph Tabor, John R. Shaw, and David Tatum, trading under the name and firm of Tabor, Shaw & Tatum, plaintiffs, state that they are the legal owners of a note against the defendant, Willis M. Jameson, to the following effect: For value received, thirty days after date, I promise to pay Tabor, Shaw & Tatum, the sum of two hundred and eighty-seven dollars

and fifty cents, bearing interest at the rate of ten per cent. from date till paid; this 6th day of March, 1838. Willis M. Jameson."

For the plaintiff in error, it is insisted that this petition is insufficient, because it does not show on its face a legal title to the note set out. The plaintiffs in the court below, are "Joseph Tabor, John R. Shaw, and David Tatum, trading under the name and firm of Tabor, Shaw & Tatum," and in their petition they set out a note executed to "Tabor, Shaw & Tatum." The words "trading under the name and firm of Tabor, Shaw & Tatum," are merely descriptive of the persons suing, and do not amount to an averment that the note set out was executed to the plaintiffs by that name. For any thing appearing on the face of the petition, the "Tabor, Shaw & Tatum," to whom this note was executed, may not have been the plaintiffs in this action. If the note set out was executed to the plaintiffs below by another name, it was necessary to aver that fact in their petition, and for want of that averment, the petition is bad, and the error is not cured by the statute of jeofails.

Judge TOMPKINS concurring in this opinion, the judgment of the circuit court is affirmed.

McGIRK, Judge.—I do not concur in the foregoing opinion.